Mary Raftery
vs.                          } Law. No. 86945.
Netop Lunch, Incorporated

January 22, 1932.

CHURCHILL, J. Heard on motion for a new trial by the defendant after verdict for the plaintiff for $2,500.

The plaintiff claimed to have swallowed glass contained in a sandwich which was prepared and furnished by the defendant at its restaurant. Accompanied by her husband, she went to the restaurant on the afternoon of July 11, 1931, and ordered a vegetable sandwich. It was prepared at the restaurant and consisted of two slices of toasted bread, each slice being about one-half an inch thick, lettuce, tomato, and mayonnaise dressing.

The plaintiff testified that while eating this sandwich her teeth came in contact with a hard substance; that she then removed the partially masticated portion from her mouth and put it on the plate on which the sandwich had been served; that she picked a piece of glass out of this portion and that it was shown to the waiter at the counter. She also testified that she swallowed a portion of the food in her mouth after she felt the hard substance in contact with her teeth.

Her husband testified that he saw something resembling glass in the remainder of the sandwich and both husband and wife stated that about a week afterwards they went to the restaurant and that the waiter who served them stated in the presence of the manager that the sandwich was full of glass.

The plaintiff further testified that three pieces of glass passed through her system. These were put in evidence. They are small in size, the one which is claimed by the plaintiff to have passed through her system after three months, being so minute that it would take a search of extra-ordinary care to discover it at all.

Dr. Bolster, to whom the plaintiff stated she went immediately after the occurrence, was not called by the plaintiff. None of the physicians who testified in the case found any objective signs or symptoms that any glass had entered the plaintiff's system. Dr.

Palmer gave it as his professional opinion that none did.

The defendant brought forward as witnesses all the persons who had any part in the preparation or service of the sandwich. None of the ingredients were kept in glass containers, nor from the time the ingredients were made up until they were put together as a sandwich did they come in proximity to glass. The dishes were washed at a considerable distance from where the sandwich was made. The bread from which the slices were cut came from a high class, reputable bakery. None of the witnesses testifying to these facts were shaken.

On the testimony it is as probable an inference, if not a more probable one, that the glass, if any, was in the bread as that it was in any of the ingredients prepared by the defendant. Moreover, on the weight of the testimony, it does not appear that, if glass was present in the sandwich or its ingredients, it was of such size and character as to be seen by ordinary inspection by the persons preparing the sandwich.

The jury were not warranted in basing a verdict on the testimony given by the plaintiff or her husband. Her testimony that there was glass in the sandwich is opposed to that of the waiter, who made a careful examination of it immediately, as well as by the testimony of the witnesses respecting the preparation of the ingredients of which it was made up.

Dr. Palmer was of the opinion that no glass entered plaintiff's system. Dr. Bolster had the best opportunity to discover objective signs of the presence of glass in her system, she, according to her story, having consulted him immediately. He was not called nor his absence accounted for.

Plaintiff's story of the passage of a minute particle of glass three months after its entrance into her body and its discovery is so improbable in the light of the medical testimony as to warrant the reviewing Court in characterizing it as untrue.

The plaintiff was not frank in respect to a previous accident and claim made therefor. Her attitude was that of suppression and concealment rather than of truthful disclosure.

The testimony of her husband in view of his interest and relationship stands in the same case.

The verdict is not sustained by the evidence on the issue of negligence nor on the issue that glass entered the plaintiff's system from the food served her by the defendant.

The verdict does not do justice between the parties.

The motion for a new trial is granted.

For plaintiff: William A. Gunning.

For defendant: Henshaw, Lindemuth & Baker.